**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| MARIA BARAHONA INTERIANO,<br><br>Petitioner,<br><br>v.<br><br>KRISTI NOEM, *et al.*,<br><br>Respondents. | ) | Civil Action No. 8:26-cv-00723-LKG<br><br>Dated: March 3, 2026 |

**ORDER**

On February 21, 2026, the Petitioner filed the petition for a writ of habeas corpus, in the above-captioned civil matter. ECF No. 1. On February 24, 2024, the Petitioner filed a motion for a temporary restraining order. ECF No. 6. On February 27, 2026, the Respondents filed a response to the petition for a writ of habeas corpus and temporary restraining order. ECF No. 11. On March 2, 2026, the Petitioner filed a reply. ECF No. 12. On March 3, 2026, the Court held a hearing on the Petitioner's petition for a writ of habeas corpus and motion for a temporary restraining order. ECF No. 13.

For the reasons stated during the hearing, the Court:

(1) **GRANTS-in-PART and DENIES-in-PART** the Petitioner's petition for writ of habeas corpus (ECF No. 1);

(2) **GRANTS-in-PART and DENIES-in-PART** the Petitioner's motion for temporary restraining order (ECF No. 6); and

(3) **ORDERS** the following:

a. The Respondents are **ENJOINED** from detaining the Petitioner pursuant to 8 U.S.C. § 1225(b).

b. The Petitioner is detained under 8 U.S.C. § 1226(a) and is entitled to a bond hearing consistent with 8 C.F.R. § 236.1(d), 8 C.F.R. § 1003.19 and 8 C.F.R. § 1236.1(d).

c. **On or before March 10, 2026**, the Respondents shall return the Petitioner to Maryland and provide an initial determination by an immigration officer on the Petitioner's bond or detention under 8 U.S.C. § 1226(a).

d. If the immigration officer does not release the Petitioner on a bond, the Respondents shall arrange for the Petitioner to receive, **on or before March 10, 2026**, a bond hearing before an immigration judge, at which he can be represented by his present counsel, in an Immigration Court with jurisdiction, or with administrative control, over the Petitioner's detention.

e. The bond hearing shall be conducted under 8 U.S.C. § 1226(a) and 8 C.F.R. §§ 236.l, 1003.19, and 1236.l, and the Respondents shall provide the Petitioner with any other process due to him under these provisions.

f. If the Petitioner is not released on bond by an immigration officer, or provided with a bond hearing before an immigration judge, **on or before March 10, 2026**, the Respondents shall release the Petitioner from custody. If released, the Petitioner may be subject to conditions, including a requirement that he appear at a bond hearing at the Immigration Court in Baltimore, Maryland or Hyattsville, Maryland.

**IT IS FURTHER ORDERED** that the Court shall **RETAIN** jurisdiction of this matter to enforce compliance with this Order

**IT IS FURTHER ORDRED** that the parties shall **FILE** a joint status report **on or before March 13, 2026,** to confirm if the Respondents have provided the Petitioner with a bond hearing. If the Petitioner has not been released from custody, the Respondents shall state whether and when a bond hearing was held in accordance with this Order and shall further inform the Court of the grounds for the immigration judge's decision; and if the Petitioner has been released or otherwise received the relief sought, the parties shall so advice the Court and, if appropriate, file a notice of dismissal.

**IT IS SO ORDERED.**

s/ Lydia Kay Griggsby
LYDIA KAY GRIGGSBY
United States District Judge